**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 CR 31 |
| | ) | Judge Ruben Castillo |
| LATIF JONES, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRETRIAL RELEASE**

Defendant, **LATIF JONES**, by and through his attorney, **JOSHUA B. KUTNICK**, respectfully moves this Court, pursuant to 18 U.S.C. § 3142, to enter an order requiring the release of Defendant Latif Jones pending trial, and in support of this motion, Jones states as follows:

1. Latif Jones was arrested from his home in Chicago, Illinois on January 16, 2008 pursuant to a complaint filed on January 14, 2008 alleging he violated 18 U.S.C. §§ 2113(a) and 2 when he allegedly robbed the North Community Bank located at 4701 North Clark Street, Chicago, Illinois on April 10, 2007.

2. Latif appeared before the Honorable Magistrate Judge Michael T. Mason on January 16, 2008, and the matter was continued upon request of the parties until January 22, 2008 when the Defendant waived detention hearing with leave to revisit the issue at a later date. Jones was ordered detained. This motion is filed pursuant to leave granted by Magistrate Judge Mason.

3. The case was continued for the Government to return an indictment. On February 11, 2008, defense counsel agreed to an extension of time to return an indictment. On

|   |   |
|---|---|
|   | March 12, 2008 the Government filed a four count indictment against Defendant for two bank robberies and two violations of § 924(c). Latif Jones has been in custody for over two months. |
| 4. | Defendant is a lifelong resident of Chicago. His entire family resides in the City of Chicago including his mother, Renee Jones, and three half siblings, Josette Jones (24), Omar Jones (28), and Elijah Jones (31). Latif is in a long term relationship with Latrease Minor. He has resided at 6046 South Fairfield Avenue in Chicago since August 2007 with Latrease and her daughter. |
| 5. | As indicated in the Pretrial Services Report, Ms. Minor is willing to act as custodian for Latif should he be released from custody. Jones would be permitted to stay at her address. Additionally, both Latif's mother, Renee Jones, and sister, Renee Collins are willing to act as custodians for Latif and welcome him into their homes, in Chicago, so long as this case is pending. |
| 6. | Latif Jones has no assets, and his family owns no real property which would be suitable to be posted as surety. |
| 7. | Pursuant to 18 U.S.C. § 3142(e), a rebuttable presumption in favor of detention arises from a charge of a crime of violence with a maximum penalty of ten years or more. To rebut the presumption, the defendant need only establish that a condition or combination of conditions will "reasonably assure" the defendant's appearance as required, and the safety of the community. A defendant bears only of burden of production, and it is not a heavy one. <u>United States v. Dominguez</u>, 783 F.2d 702, 706-707 (7th Cir. 1986). Only in rare circumstances should release be denied, and |

      doubts regarding the propriety of release should be resolved in favor of the defendant. United States v. Chen, 820 F.Supp. 1205 (N.D. Cal. 1992); United States v. Gebro, 948 F.2d 1118 (9th Cir. 1991); United States v. Montamedi, 767 F. 2d 1403 (9th Cir. 1985); United States v. Hammond, 204 F.Supp.2d 1157 (E.D. Wisc. 2002).

8. The Pretrial Services Report which details Latif's criminal history is incorrect. Though Jones was convicted of Aggravated Unlawful Use of a Weapon in November 2002, he received probation which he completed successfully. Though Jones was charged with Aggravated Battery to a Police Officer in December 2004, he was found not guilty of that charge. Defendant's present attorney tried that case. Mr. Jones was only found guilty of the misdemeanor charge of simple battery. He was sentenced to time served.

9. Despite Latif's modest criminal background, he has never failed to appear in court in any matter.

10. This Court may consider several factors in determining whether pretrial release is appropriate. 18 U.S.C. § 3142(g).

    a. The nature of the offense is certainly very serious. This request for release is in no way meant to obviate the seriousness of these allegations.

    b. The lack of weight of the evidence is far more instructive to this Court in reaching the conclusion that pretrial release is appropriate. There is no direct evidence of guilt. The Government's entire case is built on circumstantial evidence. Though circumstantial evidence may be sufficient to convict in many cases, here, Jones was caught with no proceeds of the crimes, no weapon was found on his person,

       and he has never been identified by any witness as the perpetrator of these robberies.

   c. Latif's history and characteristics prove that he is, in fact, not a danger to the community and not a flight risk. Latif has substantial lifelong ties to the community through his mother and siblings, and his relationship with Latrease Minor, his long-term girlfriend with whom he has lived for at least one year.

   d. Latif Jones underwent back surgery on December 7, 2007 at Stroger Hospital in Chicago for two ruptured herniated discs in his spine. Latif was instructed by his doctors to follow up with his surgeon and orthopedic specialist regularly as he recuperates from the painful surgery. He has been unable to receive the specialized medical care he needs while incarcerated.

11. Pretrial Services believes there are conditions that would ensure Defendant's presence in court and prevent any risk of danger to the community including:

   a. co-signature by family members or friend;

   b. designation of a 3d party custodian;

   c. stringent reporting to Pretrial Services including narcotics testing;

   d. participation in the Home Incarceration Program with Electronic Monitoring.

12. Defendant's pretrial release would permit his attorney to more readily access his client. Counsel's office is Chicago. Currently the Defendant is being held at the Kankakee County Jail. This geographical impediment makes its very difficult for Mr. Jones to communicate with counsel on a regular basis. In fact, even the simplest communications require counsel to drive from Chicago to Kankakee and back. On

several occasions, this situation has resulted in the delay of information between client and counsel and therefore between counsel and the AUSA.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter an order releasing him from custody subject to any reasonable conditions deemed necessary and appropriate.

    Respectfully submitted,

    s/Joshua B. Kutnick
    Joshua B. Kutnick   Attorney at Law

JOSHUA B. KUTNICK
820 WEST JACKSON BLVD., SUITE 300
CHICAGO, IL 60607
312-441-0211